1 | REED E. SCHAPER (SBN 082792)
KRISTEN L. WILLIAMS (SBN 232644)
2 | CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP
3 | 727 Sansome Street
San Francisco, CA 94111
4 | (415) 835-9000
(415) 834-0443
5 | rschaper@cdhklaw.com
kwilliams@cdhklaw.com
6
Attorneys for Defendant
7 | ROTO-ROOTER SERVICES COMPANY

8

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| DAVID E. RANDALL, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| ROTO-ROOTER SERVICES COMPANY, and DOES 1 to 20, | **Complaint Filed:** November 14, 2007 |
| Defendant. | |

Defendant Roto-Rooter Services Company, Inc. (hereinafter "Roto-Rooter" or "Defendant), pursuant to 28 U.S.C. § 1441 *et seq.,* and gives notice of the removal of this action from the Superior Court of the State of California in San Mateo County to the United States District Court for the Northern District of California.

## I.    PROCEDURAL BACKGROUND

1.    This case, styled *David E. Randall v. Roto-Rooter Services Company, Inc.,* was filed on or about November 14, 2007 in the Superior Court of the State of California in San Mateo County bearing Case Number CIV 467763. The Complaint alleges causes of action for Wrongful Termination in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction of Emotional Distress, and Negligence. The Complaint was served on Defendant Roto-Rooter on December 20, 2007.

1

4845-9069-9522.V1

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1    2.    This removal has been timely filed because it is filed within thirty days of the date

2    Defendant was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

3    ## II.    GROUNDS FOR REMOVAL

4    **A.    Diversity Jurisdiction**

5    3.    This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in

6    pertinent part as follows:

7    
8    
9    
10   > Any civil action of which the district courts have original
> jurisdiction founded on a claim or right arising under the
> Constitution, treaties or laws of the United States shall be
> removable without regard to the citizenship or residence of the
> parties. Any other such action shall be removable only if none of
> the parties in interest properly joined and served as defendants is a
> citizen of the State in which such action is brought.

11   4.    This action is properly removable under 28 U.S.C. § 1441 because the United

12   States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended,

13   which provides in pertinent part:

14   
15   > The district courts shall have original jurisdiction of all civil actions
> where the matter in controversy exceeds the sum or value of
> $75,000, exclusive of interest and costs, and is between—

16   > (1) citizens of different states . . . .

17   **1.    Citizenship of the Parties**

18   5.    There is complete diversity of citizenship between the Plaintiff and the Defendant.

19   6.    Plaintiff David Randall is a citizen and resident of the State of California.

20   7.    At the time of the commencement of this action, and at all times subsequent

21   hereto, Defendant Roto-Rooter was corporation incorporated under the laws of the State of Iowa

22   (mistakenly alleged by Plaintiff to be Ohio) with its principal place of business located in

23   Cincinnati, Ohio. *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102 (D. Cal. 2003).

24   **2.    Amount in Controversy**

25   8.    Under 28 U.S.C. § 1332(a), district courts have diversity jurisdiction over civil

26   actions where the amount in controversy exceeds $75,000, exclusive of costs and interest.

27   Plaintiff's complaint seeks an unspecified amount of damages. Where the plaintiff's complaint

28   does not allege a specific amount of damages, the removing defendant must prove by a

2

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

NOTICE OF REMOVAL

1    preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State*

2    *Farm Mutual Automobile Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997). This burden is easily met if

3    it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000.

4    *Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993 (C.D. Ca. 2002); *Campbell*

5    *v. Bridgstone, Inc.,* 2006 WL 707291 (E.D.Ca. 2006)(denying motion to remand where it was

6    facially apparent from the complaint that the amount in controversy exceeded $75,000); *Simmons*

7    *v. PCR Technology,* 209 F.Supp.2d 1029 (N.D. Ca. 2002)(holding it was facially apparent from

8    the complaint that the amount in controversy exceeded $75,000 where the plaintiff alleged

9    compensatory, punitive and emotional distress damages, plus injunctive relief and attorneys'

10    fees).

11        Plaintiff alleges that he suffered "special damages, namely past and future loss of earnings

12    and earning capacity" (Complaint ¶ 16) as well as "humiliation, anxiety, and emotional distress"

13    (Complaint ¶ 17) as a result of the alleged conduct of Defendant. He seeks several forms of

14    damages consisting of compensatory damages, including lost wages, monetary damages for

15    emotional distress and punitive damages plus attorney fees. (Complaint, p. 6). Plaintiff's

16    extensive list of damages makes it facially apparent from the Complaint that he seeks damages in

17    excess of $75,000. Accordingly, the jurisdictional amount required for diversity jurisdiction is

18    clearly met in this case. If Plaintiff stipulates to this court that, in this matter, he is not seeking

19    and will never seek damages in excess of $75,000.00, Roto-Rooter will withdraw this Notice of

20    Removal.

21        **III.    ADOPTION AND RESERVATION OF DEFENSES**

22        9.    Nothing in this Notice of Removal shall be interpreted as a waiver or

23    relinquishment of any of the removing Defendant's right to assert any defense or affirmative

24    matter, including, but not limited to, the defenses of (1) lack of jurisdiction over the person; (2)

25    improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper

26    joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of

27    some or all of the claims; (8) failure to join indispensable parties; (9) the exclusive remedy

28    defense provided by the California Worker's Compensation Act; or (10) any pertinent defense

NOTICE OF REMOVAL

*CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP*
*ATTORNEYS AT LAW*
*SANTA MONICA*

1   under California or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## IV.   JURISDICTIONAL REQUIREMENTS

3       10.     Attached hereto and marked as Exhibit A are true and correct copies of the original

4   Summons and Complaint that was filed on or about November 14, 2007 and served on December

5   20, 2007, in the civil action designated as Case Number CIV467763.  Attached as Exhibit B is a

6   true and correct copy of Roto-Rooter's Answer filed in the Superior Court of the State of

7   California in San Mateo County.

8       11.     Defendant has sought no similar relief with respect to this matter.

9       12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

10      13.     Written notice of the filing of this Notice of Removal will be given to the adverse

11  party as required by law.

12      14.     A Notice of Filing Notice of Removal, with a copy of this Notice of Removal

13  attached, will promptly be filed with the Clerk of the Superior Court of the State of California in

14  San Mateo County.

15      15.     The allegations of this notice are true and correct and this cause is within the

16  jurisdiction of the United States District Court for the Northern District of California, and this

17  cause is removable to the United States District Court for the Northern District of California.

18      16.     If any question arises as to the propriety of the removal of this action, Defendant

19  requests the opportunity to present a brief and oral argument in support of their position that this

20  case is removable.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1    WHEREFORE, Defendant, desiring to remove this case to the United States District

2    Court for the Northern District of California being the district of said Court for the County in

3    which said action is pending, prays that the filing of this Notice of Removal shall effect the

4    removal of said suit to this Court.

5

6    Dated: January 18, 2008                        CURIALE DELLAVERSON HIRSCHFELD
                                                       & KRAEMER, LLP
7

8
                                                 By: *Kristen L. Williams*
9                                                       Reed E. Schaper
                                                       Kristen L. Williams
10                                               Attorneys for Defendant
                                                 ROTO-ROOTER SERVICES COMPANY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

## PROOF OF SERVICE

2

### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

I, the undersigned, am a resident of the State of California, over the age of eighteen years,

4

and not a party to the within action. My business address is 727 Sansome Street, San Francisco,

California 94111. On January 18, 2008, I served the following document by the method

5

indicated below:

6

### NOTICE OF REMOVAL

7

☒

by placing the document(s) listed above in a sealed envelope(s) with postage

8

thereon fully prepaid, in the **United States mail** at San Francisco, California
addressed as set forth below. I am readily familiar with the firm's practice of

9

collection and processing correspondence for mailing. Under that practice it would
be deposited in the U.S. Postal Service on that same day with postage thereon fully

10

prepaid in the ordinary course of business. I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date

11

is more than one day after date of deposit for mailing in affidavit.

12

☐

Messenger Service by placing the document(s) listed above in a sealed envelope(s)
and by causing **messenger delivery** of the envelope(s) to the person(s) at the

13

address(es) set forth below. I am readily familiar with the business practice of my
place of employment with respect to the collection and processing of

14

correspondence, pleadings and notices for hand delivery. On January 18, 2008, I
caused to be served via messenger the above-listed documents.

15

☐

by **personally delivering** the document(s) listed above to the person(s) at the

16

address(es) set forth below.

17

☒ **(FEDERAL)**        I declare under penalty of perjury that the foregoing is true and

18

correct, and that I am employed at the office of a member of the bar
of this Court at whose direction the service was made.

19

Michael E. Adams

20

Law Offices of Michael E. Adams
702 Marshall Street, Suite 300

21

Redwood City, CA 94063
Tel: (650) 599-9463

22

Fax: (650) 599-9785

I declare under penalty of perjury under the laws of the State of California that the above

23

is true and correct. Executed on January 18, 2008, at San Francisco, California.

24

25

_Angelique Pierre_

Angelique Pierre

26

27

28

6

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

# EXHIBIT

# A

.DEC-27-2007  02:56    P.04/10

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
ROTO-ROOTER SERVICES COMPANY, and DOES 1 to 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
DAVID E. RANDALL

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED FILED
SAN MATEO COUNTY

NOV 1 4 2007

Clerk of the Superior Court
By ___ R. Montgomery
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN MATEO
400 County Center        Redwood City, CA 94063

CASE NUMBER
*(Número):* **CV 467763**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL E. ADAMS
702 Marshall Street, Suite 300
(650) 599-9463

LAW OFFICES OF MICHAEL E. ADAMS
Redwood City, CA 94063

DATE:
*Fecha]* NOV 1 4 2007    JOHN C. FITTON Clerk, by    R. MONTGOMERY    , Deputy
    *(Secretario)*    *(Adjunta)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☒ on behalf of *(specify):* Roto-Rooter Services Company
    under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
In Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Received    27-Dec-2007  11:49am    From-    To-CURIALE DELLAVERSON    Page 004

MICHAEL E. ADAMS (SBN: 47278)
LAW OFFICES OF MICHAEL E. ADAMS
702 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 599-9463
Fax:        (650) 599-9785

Attorney for Plaintiff DAVID E. RANDALL

**ENDORSED FILED**
SAN MATEO COUNTY

NOV 1 4 2007

Clerk of the Superior Court
By      R. Montgomery
          DEPUTY CLERK

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| DAVID E. RANDALL<br><br>Plaintiff,<br><br>v.<br><br>ROTO-ROOTER SERVICES COMPANY, and DOES 1 to 20,<br><br>Defendants. | Case No.    **CIV4 6 7 7 6 3**<br><br>**COMPLAINT FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY, FREE SPEECH RETALIATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENCE** |

Plaintiff alleges:

## FACT ALLEGATIONS

1. Plaintiff is a resident of San Mateo County.

2. Defendant Roto-Rooter Services Company ("Roto-Rooter") is a foreign corporation headquartered in Cincinnati, Ohio and engaged in the business of providing plumbing services at a branch location in California known as the Menlo Park Branch ("MPB") and currently located at 1831 Bayshore Highway, Burlingame, CA 94010.

3. The true names, capacities, and facts showing the liability of Defendants Does 1 through 20 are presently unknown, and said Defendants are hence fictitiously named. At such time as said names, capacities, and/or facts are ascertained, this complaint will be

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

1

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction of Emotional Distress, and Negligence

1    amended to so show.

2        4. At all times herein involved, each Defendant was the agent and employee of

3    every other Defendant, and, in acting as herein alleged, acted within the course and scope

4    of said agency and employment.

5        5. Plaintiff was employed by Roto-Rooter as General Manager of the MPB from

6    approximately April 28, 2003 until his discharge from said employment on or about June

7    25, 2007. As General Manager, Plaintiff supervised all MPB employees, including

8    approximately 55-60 field technicians.

9        6. During and after 2004, Plaintiff pointed out to his superiors that the California

10   Labor Code was being violated by several Roto-Rooter labor practices as applied to MPB

11   field technicians, including failure to pay all regular and overtime wages due them, and

12   failure to pay for their tools and equipment. Plaintiff urged that such labor practices be

13   revised into conformity with the California Labor Code.

14       7. In or about March, 2007, Roto-Rooter received formal notice from its MPB

15   field technicians which warned that they intended to institute a class action seeking legal

16   relief for the California Labor Code violations that Plaintiff had urged be corrected.

17       8. In an unsuccessful tactic to forestall the class action, Roto-Rooter reacted to the

18   formal notice in or about April, 2007 by offering to pay any MPB field technician in the

19   amount that Roto-Rooter calculated that the MPB field technician had previously lost due

20   to its Labor Code violations ("shortfall payment"), in exchange for the MPB field

21   technician's waiver of any legal claim based on the Labor Code violations. About half of

22   the MPB field technicians accepted the offer and received shortfall payments from Roto-

23   Rooter, while the remainder chose to await the legal relief anticipated from the class

24   action. The class action was then filed in or about May, 2007.

25       9. In or about May, 2007, Roto-Rooter management began planning the further

26   tactic of reducing the commission rates for all MPB field technicians more than

27   sufficiently to recoup from them both the shortfall payments and the additional amounts

28

LAW OFFICES OF
MICHAEL E. ADAMS
1 MARSHALL ST., #300
ЕWOOD CITY CA 94063
(650) 393-9463

                                    2

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction
of Emotional Distress, and Negligence

1   thereafter to be paid them in order to comply with the California Labor Code. The

2   purpose of the rate reductions was to retaliate against the MPB field technicians by

3   demonstrating to them that they could not benefit by resorting to legal action to assert

4   their rights against Roto-Rooter.

5           10. Roto-Rooter management furthermore planned to induce the acquiescence of

6   the MPB field technicians in the rate reductions by disguising the retaliatory purpose

7   thereof. To this end, his superiors instructed Plaintiff to provide the MPB field

8   technicians with a false explanation of the rate reductions, namely that Roto-Rooter was

9   resorting to the rate reductions merely as a good faith adjustment to maintain reasonable

10  profitability, an adjustment made necessary because the formal notice constituted a

11  sudden and unforeseen revelation to Roto-Rooter that it had been underpaying the MPB

12  field technicians in violation of the California Labor Code.

13          11. During May and June, 2007, Plaintiff argued to his superiors that the planned

14  rate reductions were improper and unfair to the MPB field technicians, and he refused to

15  facilitate their imposition by providing the MPB field technicians with the above-

16  described false explanation for the rate reductions.

17          12. On or about June 25, 2007, Roto-Rooter management discharged Plaintiff for

18  the stated reason that production and profitability levels at MPB were insufficient. Said

19  stated reasons for the discharge were pretextual. The true reason for his discharge was

20  that Plaintiff argued against the rate reductions and refused to facilitate their imposition

21  by providing the MPB field technicians with the false explanation for the reductions.

22          12. On the following day, June 26, upper management officials from Roto-Rooter

23  met with the MPB field technicians, informed them of the rate reductions, and provided

24  the above-stated false explanation for their imposition.

25  ///

26

27  ///

28

LAW OFFICES OF
MICHAEL E. ADAMS
92 MARSHALL St., #300
REDWOOD CITY CA 94063
(650) 599-0497

                                            3

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction
of Emotional Distress, and Negligence

# FIRST CAUSE OF ACTION

## (Wrongful Discharge in Violation of Public Policy)

13. Plaintiff herein realleges Paragraphs 1 through 12, hereinabove, and each and every allegation thereof, as though fully set forth herein.

14. By acting as hereinabove alleged, Defendant discharged Plaintiff because of his refusal to assist in imposing commission rate reductions on the MPB field technicians in retaliation for the institution of their class action to remedy Defendant's underpayment of them in violation of the California Labor Code.

15. The class action furthered the substantial public policy, evidenced by numerous provisions of the California Labor Code, in support of protecting and enforcing the full, proper, and timely payment of wages, including through legal action. Defendant violated the same public policy by discharging Plaintiff for his refusal to assist in retaliating against the MPB field technicians for filing the class action.

16. As the proximate result of said discharge, Plaintiff has suffered special damages, namely past and future loss of earnings and earning capacity

17. As the further proximate result thereof, Plaintiff has suffered humiliation, anxiety, and emotional distress, all to his general damage.

18. In that the above-alleged actions of Defendant's managing agents were malicious and oppressive, Plaintiff is furthermore entitled to an award of punitive damages against Defendant.

# SECOND CAUSE OF ACTION

## (Free Speech Retaliation)

19. Plaintiff herein realleges Paragraphs 1 through 12, hereinabove, and each and every allegation thereof, as though fully set forth herein.

20. By acting as hereinabove alleged, Defendant discharged Plaintiff in retaliation for his exercise of his right to free speech as protected by Article I, Section 2 of the

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #310
REDWOOD CITY CA 94063
(650) 599-2465

4

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction of Emotional Distress, and Negligence

1   California Constitution in expressing his opposition to the rate reductions and refusing to

2   facilitate same by giving MPB field technicians a false explanation for their supposed

3   necessity.

4        21. As the proximate result of said discharge, Plaintiff has suffered special

5   damages, namely past and future loss of earnings and earning capacity

6        22. As the further proximate result thereof, Plaintiff has suffered humiliation,

7   anxiety, and emotional distress, all to his general damage.

8        23. In that the above-alleged actions of Defendant's managing agents were

9   malicious and oppressive, Plaintiff is furthermore entitled to an award of punitive

10  damages against Defendant.

11

12                           **THIRD CAUSE OF ACTION**

13                        **(Intentional infliction of emotional distress)**

14       24. Plaintiff herein realleges Paragraphs 1 through 23, hereinabove, and each and

15  every allegation thereof, as though fully set forth herein.

16       25. Defendant's above alleged actions were outrageous, and done for the purpose,

17  or despite the substantial certainty, of inflicting severe emotional distress upon Plaintiff.

18       26. Plaintiff consequently suffered severe emotional distress and other damages.

19       27. In that the above-alleged actions of Defendant's managing agents were

20  malicious and oppressive, Plaintiff is furthermore entitled to an award of punitive

21  damages against Defendant.

22

23                          **FOURTH CAUSE OF ACTION**

24                                  **(Negligence)**

25       28. Plaintiff herein realleges Paragraphs 1 through 23, hereinabove, and each and

26  every allegation thereof, as though fully set forth herein.

27       25. Defendant acted as hereinabove alleged despite the unreasonable risk of

28

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #620
REDWOOD CITY CA 94063
(650) 599-0463

5

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction
of Emotional Distress, and Negligence

1  causing serious emotional distress and other harm and damage to Plaintiff.

2         26.  As the proximate result thereof, Plaintiff suffered serious emotional distress

3  and other harm and damages.

4

5  WHEREFORE, Plaintiff prays for relief as follows:

6         1.  Pursuant to the First, Second, and/or Third Causes of Action, for general,

7  special, and punitive damages in amounts to be established according to proof.

8         2.  Pursuant to the Fourth Cause of Action, for general and special damages in

9  amounts to be established according to proof.

10        3.  For costs of suit.

11        4.  For such other and further relief as the court deems just and proper.

12  DATED: November 14, 2007

13

14

15                                    MICHAEL E. ADAMS
                                      Attorney for Plaintiff
16                                    DAVID E. RANDALL

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
MICHAEL E. ADAMS
87 MARSHALL ST., 3300
REDWOOD CITY CA 94063
(650) 599-9463

6

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction
of Emotional Distress, and Negligence

# EXHIBIT

# B

1    REED E. SCHAPER (SBN 082792)
     KRISTEN L. WILLIAMS (SBN 232644)
2    CURIALE DELLAVERSON HIRSCHFELD
     & KRAEMER, LLP
3    727 Sansome Street
     San Francisco, CA 94111
4    Telephone: (415) 835-9000
     Facsimile: (415) 834-0443

5

6    Attorneys for Defendant
     ROTO-ROOTER SERVICES COMPANY

7

**ENDORSED FILED**
**SAN MATEO COUNTY**

**JAN 1 6 2008**

Clerk of the Superior Court
By ___A. De Leon___
       DEPUTY CLERK

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN MATEO

10                                         **BY FAX**

| | |
|---|---|
| 11   DAVID E. RANDALL, | Case No. CIV 467763 |
| 12             Plaintiff, | **ROTO-ROOTER SERVICES COMPANY'S** |
| 13   vs. | **ANSWER TO COMPLAINT** |
| 14   ROTO-ROOTER SERVICES COMPANY, | |
|      and DOES 1 to 20, | **Complaint Filed:** November 14, 2007 |
| 15 | |
| 16            Defendant. | |

17      Defendant Roto-Rooter Services Company. (hereinafter "Defendant") submits its answer

18   to Plaintiff's unverified Complaint, and in answering the Complaint (hereinafter "Complaint") of

19   plaintiff David E. Randall (hereinafter "Plaintiff"), on file herein, admits, denies and alleges as

20   follows:

21                              **GENERAL DENIAL**

22      Pursuant to the Code of Civil Procedure section 431.30(d), Defendant each and every, all

23   and singular, generally and specifically, the allegations contained in said Complaint and each and

24   every part thereof and in this connection deny that plaintiff was injured or damaged in any sum or

25   sums, or at all, by reason of any carelessness, negligence, act or omission of Defendant.

26   Defendant further submits the following Affirmative Defenses:

27   ///

28

                                            1

ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT
CASE NO. CIV 46778                                        4844-8590-7202.V1

*CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP*
*ATTORNEYS AT LAW*
*SANTA MONICA*

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

## FIRST AFFIRMATIVE DEFENSE

### (Fails to State Facts for Cause of Action)

As an affirmative defense to Plaintiff's cause of action, Defendant avers that Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As an affirmative defense to Plaintiff's cause of action, Defendant avers that the claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 339 and 340 and California Government Code section 12960.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As an affirmative defense, Defendant avers that Plaintiff's Complaint is barred by Plaintiff's failure to exhaust the administrative requirements of the Fair Employment and Housing Act, California Government Code Section 12940 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5(f)(1).

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

As an affirmative defense, Defendant avers that any recovery on Plaintiff's Complaint, or any purported cause of action alleged herein, is barred by his failure to satisfactorily perform his job responsibilities and otherwise conduct herself in accordance with the standards and policies of the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith/Justification and Legitimate Business Necessity)

As an affirmative defense to Plaintiff's cause of action, Defendant avers that all decisions relating to Plaintiff's employment were undertaken in good faith and without malice, were a just and proper exercise of management discretion, and were based on legitimate, non-discriminatory and non-harassing reasons undertaken fairly and honestly with good faith under the circumstances then existing.

2

ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT
CASE NO. CIV 46778

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance with the Law)

As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that any recovery on Plaintiff's Complaint, and each cause of action stated therein, is barred, in whole or in part, because of Defendant's compliance with relevant underlying law(s).

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As an affirmative defense, Defendant avers that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff is estopped by his conduct to claim any right to damages or any relief against the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches / Unclean Hands)

As an affirmative defense, Defendant avers that any recovery on Plaintiff's Complaint and each purported cause of action are barred in whole or in part under the doctrines of laches, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Frivolous)

As an affirmative defense, Defendant avers that Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without foundation in fact or law. This suit is being pursued in bad faith for vexatious reasons for the purposes of harassing Defendant. Accordingly, pursuant to California Government Code Section 12965, Defendant is entitled to attorneys' fees and other appropriate costs and expenses.

## TENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Claims)

As an affirmative defense to the Complaint, Defendant avers that Plaintiff has failed to state facts sufficient to support a claim for attorneys' fees.

///

///

ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT
CASE NO. CIV 46778

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2

**(Failure to Mitigate)**

3        As an affirmative defense, Defendant avers that Plaintiff has failed to exercise reasonable

4 diligence in mitigating his damages.

5

**TWELFTH AFFIRMATIVE DEFENSE**

6

**(Fails to State Facts for Punitive Damages)**

7        As an affirmative defense, Defendant avers that Plaintiff fails to state facts sufficient to

8 support an award against Defendant for punitive damages.

9

**THIRTEENTH AFFIRMATIVE DEFENSE**

10

**(Apportionment)**

11        Defendant denies any and all liability to the Plaintiff, but if Defendant is found liable, the

responsibility of Defendant is small in proportion to the alleged liability and responsibility of the

12

Plaintiff and other parties, and the Plaintiff should be limited to seek and recover from Defendant

13

only that proportion of alleged injuries and damages for which Defendant is liable and

14

responsible under any applicable theory.

15

**FOURTEENTH AFFIRMATIVE DEFENSE**

16

**(Workers' Compensation as Sole Remedy)**

17

That Plaintiff's claims for damages are solely recoverable under the California Workers'

18

Compensation laws.

19

**RIGHT TO AMEND AFFIRMATIVE DEFENSES**

20

Defendant has no independent knowledge, as of the filing of this Answer, of all facts

21

allegedly constituting the causes of action in the Complaint, and based thereon, hereby

22

respectfully requests leave of this Court to amend this Answer to include those affirmative

23

defenses that are revealed during the course of Defendant's discovery.

24 ///

25 ///

26 ///

27 ///

28

4

CORIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.    Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.    Plaintiff take nothing by this action;

3.    The Court issue judgment in favor of Defendant; and

4.    Defendant be awarded its costs of suit, including attorneys' fees, and such other relief as the Court may deem just and proper.

Dated: January 16, 2008

CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP

By: _Kristen N. Williams_

Reed E. Schaper
Kristen L. Williams
Attorneys for Defendant
ROTO-ROOTER SERVICES COMPANY

5

ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT
CASE NO. CIV 46778

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SANTA MONICA

1

## PROOF OF SERVICE

2

### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3     I, the undersigned, am a resident of the State of California, over the age of eighteen years,
4 and not a party to the within action. My business address is 727 Sansome Street, San Francisco,
California 94111. On January 16, 2008, I served the following document(s) by the method
5 indicated below:

6     **ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT**

7     ☐    by transmitting **via facsimile** on this date from fax number (415) 834-0443 the
8           document(s) listed above to the fax number(s) set forth below. The transmission
           was completed before 5:00 p.m. and was reported complete and without error.
9           Service by fax was made by agreement of the parties, confirmed in writing. The
           transmitting fax machine complies with Cal. R.Ct 2003(3).

10    ☒    by placing the document(s) listed above in a sealed envelope(s) with postage
11          thereon fully prepaid, in the **United States mail** at San Francisco, California
           addressed as set forth below. I am readily familiar with the firm's practice of
12          collection and processing correspondence for mailing. Under that practice it would
           be deposited in the U.S. Postal Service on that same day with postage thereon fully
13          prepaid in the ordinary course of business. I am aware that on motion of the party
           served, service is presumed invalid if postal cancellation date or postage meter date
14          is more than one day after date of deposit for mailing in affidavit.

15    ☐    by placing the document(s) listed above in a sealed envelope(s) and by causing
16          **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth
           below. I am readily familiar with the business practice of my place of employment
17          with respect to the collection and processing of correspondence, pleadings and
           notices for hand delivery. On January 16, 2008, I caused to be served via
           messenger the above-listed documents.

18    ☐    by **personally delivering** the document(s) listed above to the person(s) at the
19          address(es) set forth below.

20          Michael E. Adams
21          Law Offices of Michael E. Adams
            702 Marshall Street, Suite 300
22          Redwood City, CA 94063
            Tel: (650) 599-9463
23          Fax: (650) 599-9785

24     I declare under penalty of perjury under the laws of the State of California that the above
is true and correct. Executed on January 16, 2008 at San Francisco, California.

25

26          _____
                    Angelique Pierre

27

28

6

ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT
CASE NO. CIV 46778

MICHAEL E. ADAMS (SBN: 47278)
LAW OFFICES OF MICHAEL E. ADAMS
702 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 599-9463
Fax:        (650) 599-9785

Attorney for Plaintiff DAVID E. RANDALL

**ENDORSED FILED**
SAN MATEO COUNTY

NOV 1 4 2007

Clerk of the Superior Court
By _____ R. Montgomery
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

DAVID E. RANDALL

Plaintiff,

v.

ROTO-ROOTER SERVICES
COMPANY, and DOES 1 to 20,

Defendants.

Case No.    **CIV467769**

**COMPLAINT FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY, FREE SPEECH RETALIATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENCE**

Plaintiff alleges:

## FACT ALLEGATIONS

1. Plaintiff is a resident of San Mateo County.

2. Defendant Roto-Rooter Services Company ("Roto-Rooter") is a foreign corporation headquartered in Cincinnati, Ohio and engaged in the business of providing plumbing services at a branch location in California known as the Menlo Park Branch ("MPB") and currently located at 1831 Bayshore Highway, Burlingame, CA 94010.

3. The true names, capacities, and facts showing the liability of Defendants Does 1 through 20 are presently unknown, and said Defendants are hence fictitiously named. At such time as said names, capacities, and/or facts are ascertained, this complaint will be

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

1

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction of Emotional Distress, and Negligence

1    amended to so show.

2        4. At all times herein involved, each Defendant was the agent and employee of

3    every other Defendant, and, in acting as herein alleged, acted within the course and scope

4    of said agency and employment.

5        5. Plaintiff was employed by Roto-Rooter as General Manager of the MPB from

6    approximately April 28, 2003 until his discharge from said employment on or about June

7    25, 2007. As General Manager, Plaintiff supervised all MPB employees, including

8    approximately 55-60 field technicians.

9        6. During and after 2004, Plaintiff pointed out to his superiors that the California

10   Labor Code was being violated by several Roto-Rooter labor practices as applied to MPB

11   field technicians, including failure to pay all regular and overtime wages due them, and

12   failure to pay for their tools and equipment. Plaintiff urged that such labor practices be

13   revised into conformity with the California Labor Code.

14       7. In or about March, 2007, Roto-Rooter received formal notice from its MPB

15   field technicians which warned that they intended to institute a class action seeking legal

16   relief for the California Labor Code violations that Plaintiff had urged be corrected.

17       8. In an unsuccessful tactic to forestall the class action, Roto-Rooter reacted to the

18   formal notice in or about April, 2007 by offering to pay any MPB field technician in the

19   amount that Roto-Rooter calculated that the MPB field technician had previously lost due

20   to its Labor Code violations ("shortfall payment"), in exchange for the MPB field

21   technician's waiver of any legal claim based on the Labor Code violations. About half of

22   the MPB field technicians accepted the offer and received shortfall payments from Roto-

23   Rooter, while the remainder chose to await the legal relief anticipated from the class

24   action. The class action was then filed in or about May, 2007.

25       9. In or about May, 2007, Roto-Rooter management began planning the further

26   tactic of reducing the commission rates for all MPB field technicians more than

27   sufficiently to recoup from them both the shortfall payments and the additional amounts

28

LAW OFFICES OF
ICHAEL E. ADAMS
1 MARSHALL ST., #300
DWOOD CITY CA 94063
(650) 599-5463

                                2

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction
of Emotional Distress, and Negligence

1  thereafter to be paid them in order to comply with the California Labor Code. The

2  purpose of the rate reductions was to retaliate against the MPB field technicians by

3  demonstrating to them that they could not benefit by resorting to legal action to assert

4  their rights against Roto-Rooter.

5          10. Roto-Rooter management furthermore planned to induce the acquiescence of

6  the MPB field technicians in the rate reductions by disguising the retaliatory purpose

7  thereof. To this end, his superiors instructed Plaintiff to provide the MPB field

8  technicians with a false explanation of the rate reductions, namely that Roto-Rooter was

9  resorting to the rate reductions merely as a good faith adjustment to maintain reasonable

10  profitability, an adjustment made necessary because the formal notice constituted a

11  sudden and unforeseen revelation to Roto-Rooter that it had been underpaying the MPB

12  field technicians in violation of the California Labor Code.

13          11. During May and June, 2007, Plaintiff argued to his superiors that the planned

14  rate reductions were improper and unfair to the MPB field technicians, and he refused to

15  facilitate their imposition by providing the MPB field technicians with the above-

16  described false explanation for the rate reductions.

17          12. On or about June 25, 2007, Roto-Rooter management discharged Plaintiff for

18  the stated reason that production and profitability levels at MPB were insufficient. Said

19  stated reasons for the discharge were pretextual. The true reason for his discharge was

20  that Plaintiff argued against the rate reductions and refused to facilitate their imposition

21  by providing the MPB field technicians with the false explanation for the reductions.

22          12. On the following day, June 26, upper management officials from Roto-Rooter

23  met with the MPB field technicians, informed them of the rate reductions, and provided

24  the above-stated false explanation for their imposition.

25  ///

26

27  ///

28

LAW OFFICES OF
MICHAEL E. ADAMS
82 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-0491

                                           3

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction of Emotional Distress, and Negligence

# FIRST CAUSE OF ACTION

## (Wrongful Discharge in Violation of Public Policy)

13. Plaintiff herein realleges Paragraphs 1 through 12, hereinabove, and each and every allegation thereof, as though fully set forth herein.

14. By acting as hereinabove alleged, Defendant discharged Plaintiff because of his refusal to assist in imposing commission rate reductions on the MPB field technicians in retaliation for the institution of their class action to remedy Defendant's underpayment of them in violation of the California Labor Code.

15. The class action furthered the substantial public policy, evidenced by numerous provisions of the California Labor Code, in support of protecting and enforcing the full, proper, and timely payment of wages, including through legal action. Defendant violated the same public policy by discharging Plaintiff for his refusal to assist in retaliating against the MPB field technicians for filing the class action.

16. As the proximate result of said discharge, Plaintiff has suffered special damages, namely past and future loss of earnings and earning capacity

17. As the further proximate result thereof, Plaintiff has suffered humiliation, anxiety, and emotional distress, all to his general damage.

18. In that the above-alleged actions of Defendant's managing agents were malicious and oppressive, Plaintiff is furthermore entitled to an award of punitive damages against Defendant.

# SECOND CAUSE OF ACTION

## (Free Speech Retaliation)

19. Plaintiff herein realleges Paragraphs 1 through 12, hereinabove, and each and every allegation thereof, as though fully set forth herein.

20. By acting as hereinabove alleged, Defendant discharged Plaintiff in retaliation for his exercise of his right to free speech as protected by Article I, Section 2 of the

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

4

Complaint for Wrongful Discharge In Violation of Public Policy, Free Speech Retaliation, Intentional Infliction of Emotional Distress, and Negligence

1  California Constitution in expressing his opposition to the rate reductions and refusing to

2  facilitate same by giving MPB field technicians a false explanation for their supposed

3  necessity.

4     21. As the proximate result of said discharge, Plaintiff has suffered special

5  damages, namely past and future loss of earnings and earning capacity

6     22. As the further proximate result thereof, Plaintiff has suffered humiliation,

7  anxiety, and emotional distress, all to his general damage.

8     23. In that the above-alleged actions of Defendant's managing agents were

9  malicious and oppressive, Plaintiff is furthermore entitled to an award of punitive

10  damages against Defendant.

11

12                    **THIRD CAUSE OF ACTION**

13                  **(Intentional infliction of emotional distress)**

14     24. Plaintiff herein realleges Paragraphs 1 through 23, hereinabove, and each and

15  every allegation thereof, as though fully set forth herein.

16     25. Defendant's above alleged actions were outrageous, and done for the purpose,

17  or despite the substantial certainty, of inflicting severe emotional distress upon Plaintiff.

18     26. Plaintiff consequently suffered severe emotional distress and other damages.

19     27. In that the above-alleged actions of Defendant's managing agents were

20  malicious and oppressive, Plaintiff is furthermore entitled to an award of punitive

21  damages against Defendant.

22

23                    FOURTH CAUSE OF ACTION

24                       (Negligence)

25     28. Plaintiff herein realleges Paragraphs 1 through 23, hereinabove, and each and

26  every allegation thereof, as though fully set forth herein.

27     25. Defendant acted as hereinabove alleged despite the unreasonable risk of

28

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

5

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction of Emotional Distress, and Negligence

1 | causing serious emotional distress and other harm and damage to Plaintiff.

2 |      26. As the proximate result thereof, Plaintiff suffered serious emotional distress

3 | and other harm and damages.

4 |

5 | WHEREFORE, Plaintiff prays for relief as follows:

6 |      1. Pursuant to the First, Second, and/or Third Causes of Action, for general,

7 | special, and punitive damages in amounts to be established according to proof.

8 |      2. Pursuant to the Fourth Cause of Action, for general and special damages in

9 | amounts to be established according to proof.

10 |      3. For costs of suit.

11 |      4. For such other and further relief as the court deems just and proper.

12 | DATED: November 14, 2007

13 |

14 |

15 | MICHAEL E. ADAMS
    Attorney for Plaintiff
    DAVID E. RANDALL

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

LAW OFFICES OF
MICHAEL E. ADAMS
102 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

6

Complaint for Wrongful Discharge in Violation of Public Policy, Free Speech Retaliation, Intentional Infliction of Emotional Distress, and Negligence