REED E. SCHAPER (SBN 082792)
KRISTEN L. WILLIAMS (SBN 232644)
CURIALE DELLAVERSON HIRSCHFELD
 & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
ROTO-ROOTER SERVICES COMPANY

ENDORSED FILED
SAN MATEO COUNTY

JAN 1 6 2008

Clerk of the Superior Court
BY _____A. De Leon_____
               DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

BY FAX

| | |
|---|---|
| DAVID E. RANDALL,<br><br>    Plaintiff,<br><br>vs.<br><br>ROTO-ROOTER SERVICES COMPANY, and DOES 1 to 20,<br><br>    Defendant. | Case No. CIV 467763<br><br>**ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT**<br><br>**Complaint Filed:** November 14, 2007 |

Defendant Roto-Rooter Services Company. (hereinafter "Defendant") submits its answer to Plaintiff's unverified Complaint, and in answering the Complaint (hereinafter "Complaint") of plaintiff David E. Randall (hereinafter "Plaintiff"), on file herein, admits, denies and alleges as follows:

**GENERAL DENIAL**

Pursuant to the Code of Civil Procedure section 431.30(d), Defendant each and every, all and singular, generally and specifically, the allegations contained in said Complaint and each and every part thereof and in this connection deny that plaintiff was injured or damaged in any sum or sums, or at all, by reason of any carelessness, negligence, act or omission of Defendant. Defendant further submits the following Affirmative Defenses:

///

## FIRST AFFIRMATIVE DEFENSE

### (Fails to State Facts for Cause of Action)

As an affirmative defense to Plaintiff's cause of action, Defendant avers that Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As an affirmative defense to Plaintiff's cause of action, Defendant avers that the claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 339 and 340 and California Government Code section 12960.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As an affirmative defense, Defendant avers that Plaintiff's Complaint is barred by Plaintiff's failure to exhaust the administrative requirements of the Fair Employment and Housing Act, California Government Code Section 12940 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5(f)(1).

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

As an affirmative defense, Defendant avers that any recovery on Plaintiff's Complaint, or any purported cause of action alleged herein, is barred by his failure to satisfactorily perform his job responsibilities and otherwise conduct herself in accordance with the standards and policies of the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith/Justification and Legitimate Business Necessity)

As an affirmative defense to Plaintiff's cause of action, Defendant avers that all decisions relating to Plaintiff's employment were undertaken in good faith and without malice, were a just and proper exercise of management discretion, and were based on legitimate, non-discriminatory and non-harassing reasons undertaken fairly and honestly with good faith under the circumstances then existing.

## SIXTH AFFIRMATIVE DEFENSE

(Compliance with the Law)

As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that any recovery on Plaintiff's Complaint, and each cause of action stated therein, is barred, in whole or in part, because of Defendant's compliance with relevant underlying law(s).

## SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

As an affirmative defense, Defendant avers that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff is estopped by his conduct to claim any right to damages or any relief against the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

(Laches / Unclean Hands)

As an affirmative defense, Defendant avers that any recovery on Plaintiff's Complaint and each purported cause of action are barred in whole or in part under the doctrines of laches, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Frivolous)

As an affirmative defense, Defendant avers that Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without foundation in fact or law. This suit is being pursued in bad faith for vexatious reasons for the purposes of harassing Defendant. Accordingly, pursuant to California Government Code Section 12965, Defendant is entitled to attorneys' fees and other appropriate costs and expenses.

## TENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees Claims)

As an affirmative defense to the Complaint, Defendant avers that Plaintiff has failed to state facts sufficient to support a claim for attorneys' fees.

///

///

ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT
CASE NO. CIV 46778

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As an affirmative defense, Defendant avers that Plaintiff has failed to exercise reasonable diligence in mitigating his damages.

### TWELFTH AFFIRMATIVE DEFENSE

### (Fails to State Facts for Punitive Damages)

As an affirmative defense, Defendant avers that Plaintiff fails to state facts sufficient to support an award against Defendant for punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Apportionment)

Defendant denies any and all liability to the Plaintiff, but if Defendant is found liable, the responsibility of Defendant is small in proportion to the alleged liability and responsibility of the Plaintiff and other parties, and the Plaintiff should be limited to seek and recover from Defendant only that proportion of alleged injuries and damages for which Defendant is liable and responsible under any applicable theory.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation as Sole Remedy)

That Plaintiff's claims for damages are solely recoverable under the California Workers' Compensation laws.

### RIGHT TO AMEND AFFIRMATIVE DEFENSES

Defendant has no independent knowledge, as of the filing of this Answer, of all facts allegedly constituting the causes of action in the Complaint, and based thereon, hereby respectfully requests leave of this Court to amend this Answer to include those affirmative defenses that are revealed during the course of Defendant's discovery.

///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. Plaintiff take nothing by this action;

3. The Court issue judgment in favor of Defendant; and

4. Defendant be awarded its costs of suit, including attorneys' fees, and such other relief as the Court may deem just and proper.

Dated: January 16, 2008

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

By: *Kristen L. Williams*
Reed E. Schaper
Kristen L. Williams
Attorneys for Defendant
ROTO-ROOTER SERVICES COMPANY

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On January 16, 2008, I served the following document(s) by the method indicated below:

**ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On January 16, 2008, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

Michael E. Adams
Law Offices of Michael E. Adams
702 Marshall Street, Suite 300
Redwood City, CA 94063
Tel: (650) 599-9463
Fax: (650) 599-9785

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 16, 2008 at San Francisco, California.

*/s/ Angelique Pierre*
Angelique Pierre

Print | Close Window

# One Legal Order Receipt

## Order Number: 6013391

(Note - If you submitted multiple orders, please refer to your specific order number shown below in the "Orders" section)

Thank you for choosing One Legal, Inc. If you have any questions about this order, please contact our San Mateo Branch.

Phone: 650-365-8707
Fax: 650-365-8705

**DO *NOT* FAX THIS ORDER RECEIPT WITH YOUR DOCUMENTS
THIS IS FOR YOUR RECORDS ONLY**

### Order Detail
- Order Type: File Only
- Date Time Submitted: 01/16/2008 01:59 PM
- Client File #: 31621.010
- Contact Name: Angelique Pierre
- Attorney Name: Kristen L. Williams
- Email Notification: Contact

### Case Information
- Court Branch: Superior Court of San Mateo County
- Court Name: San Mateo (SAN MATEO)
- Court City/Zip: Redwood City 94063
- Plaintiff: DAVID E. RANDALL
- Defendant: ROTO-ROOTER SERVICES COMPANY
- Representing: Defendant
- Case No: CIV 46778
- Hearing Date:
- Hearing Time:
- Hearing Dept/Rm:

### Documents

| Document Type | Document Name | Pages Uploaded | Pages to Fax | Total Pages |
|---|---|---|---|---|
| Answer | ROTO-ROOTER SERVICES COMPANY'S ANSWER TO COMPLAINT | 6 | 0 | 6 |

**Special Instructions:**

**Orders:**
Filing Order No. 6013391
On Demand: No