1  MICHAEL E. ADAMS (SBN 47278)
   LAW OFFICES OF MICHAEL E. ADAMS
2  702 Marshall Street, Suite 300
   Redwood City, CA 94063
3  Telephone: (650) 599-9463
   Fax:       (650) 599-9785
4  michaeleadams@earthlink.net

5  Attorney for Plaintiff
   DAVID E. RANDALL

6

7  REED E. SCHAPER (SBN 082792)
   KRISTEN L. WILLIAMS (SBN 232644)
   CURIALE DELLAVERSON HIRSCHFELD
8    & KRAEMER, LLP
   727 Sansome Street
9  San Francisco, CA 94111
   (415) 835-9000
10 (415) 834-0443
   rschaper@cdhklaw.com
11 kwilliams@cdhklaw.com

12 Attorneys for Defendant
   ROTO-ROOTER SERVICES COMPANY

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

16 | DAVID E. RANDALL,                          | Case No. CV-08-0354
17 |         Plaintiff,                         | **JOINT CASE MANAGEMENT
18 | vs.                                        | CONFERENCE STATEMENT**
19 | ROTO-ROOTER
20 | SERVICES, COMPANY, and DOES 1-
   | 20 inclusive,
21 |         Defendant.
22

23

24

25

26

27

28

JOINT CMC STATEMENT                                                 4816-4513-4850

The above named parties, by and through their respective undersigned counsel, respectfully state the following for their Joint Case Management Conference Statement.

1. **JURISDICTION AND SERVICE**: Plaintiff originally filed this action in state court on November 14, 2007, and later effected service of process upon Defendant Roto-Rooter Services Company. On January 16, 2008, said Defendant filed its answer in state court, and concurrently removed the instant action to the above-captioned court on the basis of diversity jurisdiction under 28 U.S.C. §1441. This court has original jurisdiction pursuant to 28 U.S.C. §1332(a).

2. **FACTS**: Plaintiff's complaint alleges claims under state law for wrongful discharge in violation of public policy, free speech violation,[1] intentional infliction of emotional distress, and negligence. Said claims arise out of Defendant's termination of Plaintiff, on or about June 25, 2007, from his employment as General Manager of Defendant's branch location in Menlo Park, CA. The stated reason for Plaintiff's termination was that production and profitability levels at the Menlo Park branch were insufficient. Plaintiff alleges that said stated reason was pretextual, and that the true reason for his termination was his opposition to, and refusal to assist in implementing, reductions in the commissions paid to field technicians at his branch because said reductions were in retaliation for a meritorious class action which the field technicians had recently instituted to seek relief from certain pay practices by Defendant that violated the California Labor Code.

Defendant admits that Plaintiff was terminated on or about June 25, 2007 for insufficient profitability and production levels, but denies the remaining allegations.

3. **LEGAL ISSUES**:

Plaintiff contends that the following are legal issues:

(a) Whether Defendant engaged in pay practices that violated the California Labor Code.

(b) Whether Defendant imposed reductions in commissions paid to its field technicians in retaliation for their opposition to its illegal pay practices.

(c) Whether Plaintiff opposed, and refused to assist in implementing, the commission

---

[1] This claim is predicated on Article 1, Section 2 of the California State Constitution.

JOINT CMC STATEMENT

reductions.

    (d) Whether Defendant terminated Plaintiff because of his said opposition and refusal.

    (e) Whether said termination constitutes a wrongful discharge in violation of public policy under California law.

    (f) Whether said termination constitutes free speech retaliation under California law.

    (g) Whether said termination constitutes the intentional infliction of emotional distress under California law.

    (h) Whether said termination constitutes negligence under California law.

    (i) The nature and scope of Plaintiff's damages.

Defendant does not contend that issues (a) through (d) are legal issues in this matter.

**4. MOTIONS:** Defendant may bring a motion for summary judgment or partial summary judgment.

**5. AMENDMENT OF PLEADINGS:** Plaintiff is considering amendment of the complaint to revise the legal basis for certain of his above claims.

**6. EVIDENCE PRESERVATION:** The parties both represent that appropriate steps have been taken to preserve electronic and documentary evidence.

**7. DISCLOSURES:** The parties will have exchanged their initial disclosures prior to the case management conference.

**8. DISCOVERY:** The parties do not presently anticipate needing greater than the standard amounts of depositions and written discovery.

**9. CLASS ACTIONS:** n/a

**10. RELATED CASES:** Plaintiff believes the underlying class action against Defendant by the field technicians in its Menlo Park branch is a related case. Defendant denies that there are any related cases.

**11. RELIEF SOUGHT:** Money damages.

**12. SETTLEMENT AND ADR:** The parties have agreed to conduct private mediation through JAMS within approximately ninety days.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:** Both parties do not

presently consent thereto.

**14. OTHER REFERENCES**: No other references appear suitable.

**15. NARROWING OF ISSUES**: The parties have no suggestions at this time for the narrowing or bifurcating of issues.

**16. EXPEDITED SCHEDULE**: This case does not appear suitable for expedited scheduling.

**17. SCHEDULING**:

The parties suggest the following schedule:

| | |
|---|---|
| October 31, 2008 | Close of fact discovery |
| November 14, 2008 | Last day to file dispositive motions |
| December 12, 2008 | Last day to hear dispositive motions |
| January 9, 2009 | Deadline to designate experts |
| January 23, 2009 | Deadline to designate rebuttal experts |
| February 13, 2009 | Close of expert discovery |
| March 14, 2009 | Pre-trial conference |
| April 20, 2009 | Trial |

**18. TRIAL**: Plaintiff requests a jury trial and believes that trial will last 5-7 days. Defendant has not requested a jury trial and asserts that Plaintiff has waived his right to a jury trial. Defendant believes that trial will take 4 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**: There are no known interested entities or persons.

**20. OTHER MATTERS**: None.

Dated: April 24, 2008

| | |
|---|---|
| CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP | LAW OFFICES OF MICHAEL E. ADAMS |
| By: s/ Kristen L. Williams<br>Reed E. Schaper<br>Kristen L. Williams<br>Attorneys for Defendant<br>ROTO-ROOTER SERVICES COMPANY | By: s/ Michael E. Adams<br>Michael E. Adams<br>Attorneys for Plaintiff<br>DAVID RANDALL |

JOINT CMC STATEMENT